JEFF WILSON v. STATE.

No. 2012.   Decided November 20, 1912.

Rehearing Denied December 18, 1912.

Carrying Pistol—Officer—Sufficiency of Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant had won the money from another at a game of cards, who took a scantling and compelled defendant to give him back his money, and that thereupon the defendant went home and armed himself with a pistol and returned, his plea that he got the pistol to arrest the other party was not tenable, the testimony showing that an officer of the law was in calling distance of the defendant.

Appeal from the County Court of San Augustine.   Tried below before the Hon. W. C. Ramsey.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Foster & Davis*, for appellants.—Cited Blain v. State, 31 S. W. Rep., 368; Carroll v. State, 57 S. W. Rep., 94.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the undisputed testimony shows that appellant and one Will Woods engaged in gambling in a barn about seven hundred yards from appellant's residence; that appellant won the money of Woods, when Woods took a scantling and compelled appellant to give him back his money.   That appellant then left the barn, went to his home, armed himself with a pistol and returned to the barn, Woods having left the barn, appellant pursued him and shot at him with a pistol.   He was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

Appellant offered to testify that he went to his home to get a pistol to arrest Woods and turn him over to the officers for robbing him, as he claimed, and whether or not this testimony was admissible presents the sole question in the case, for if the testimony was admissible, then the special charge should have been given.   If the court did not err in excluding the testimony, then no error is assigned which would present reversible error.   The testimony shows that the transaction took place in the town of San Augustine; that when appellant fired at Woods an officer immediately appeared on the scene.   Then the question presented is, even if Woods robbed appellant, and he, knowing that an officer of the law was in immediate reach, was he authorized to go seven hundred yards to his residence, secure a pistol, return the same distance, and himself attempt to make the arrest?   Each case of this kind must be decided from the facts in that case, and the evidence convincing us that appellant knew that an officer of the law

could be reached at once, he was not authorized to go to his home, secure a weapon, and himself undertake to make the arrest. Of course, the State's testimony would raise the issue that appellant had not such purpose and object, but we are not passing on that question, but solely upon the question that when an officer of the law is in calling distance, or is in easy reach of the arms of appellant, is he authorized to go after his arms and make the arrest, or should he go to an officer? Under such circumstances we think it the duty of one to appeal to the officers of the law, and not himself take the law into his own hands, and having reached this conclusion, the judgment is affirmed. The law aids no one in a gambling transaction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 18, 1912.—Reporter.]